AUGUST WERNER *et al.*, Respondents, *against* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellants.

(Decided June 16th, 1882.)

A policy of life insurance was expressed to be in consideration, in part, of quarter-annual payments of a certain amount, on or before specified days of every year during the continuance of the policy; and it stipulated for the payment of the amount of insurance, "provided" (among other things), "this policy shall have been maintained in full force and effect by the payment of all premiums falling due hereon, up to and including the date mentioned for the last payment thereof;" otherwise the agreement to become void. A subsequent clause declared that "the payments demanded for a year's insurance under this contract shall be known as the premium hereof, and shall in all cases be due in advance with the beginning of each year." *Held*, that a failure to pay a quarterly instalment of the premium at the date specified forfeited the policy; and that a tender and refusal at a subsequent date, even within the same year, did not give the insured a right of action.

APPEAL from a judgment of this court entered upon overruling a demurrer to a complaint.

The defendant in this action on the 14th day of May, 1872, issued its policy of insurance, whereby, amongst other

things, in consideration of the payment of the sum of $26.93 by the assured, August Werner, of New York, and of the quarter-annual payments of a like amount, to be paid on or before 12 o'clock noon of the 14th days of May, August, November and February in every year during the continuance of the policy, until he should have paid ten full years' premiums, it insured the life of said Werner in the amount of one thousand dollars for the term of ten years ending with the 14th day of May, 1882. The policy then provided for the payment of the amount insured, "provided always the terms and conditions under which this policy is issued shall have been observed by the person whose life is hereby insured, and provided that this policy shall have been maintained in full force and effect by the payment of all premiums falling due hereon up to and including the date mentioned for the last payment thereof." The policy further provided that upon the surrender of the policy while the same is in force, or within thirty days thereafter, a paid up policy will be issued in lieu thereof. The policy further provided that " the payment demanded for a year's insurance under this contract shall be known as the premium hereof, and shall in all cases be due in advance with the beginning of each year. Where said premium is divided into quarterly or semi-annual parts, the unpaid portion of the year of death shall be deducted in the settlement hereof." The policy further provided that " the said premiums must be paid on or before the days above mentioned for the payment thereof," &c.

The complaint, of which the policy was made a part, set forth that plaintiffs had paid the premiums thereon in quarterly instalments, as stipulated, up to and including May 14th, 1879, making in all $780.97, but had omitted inadvertently and by a clerical error to pay the instalment of August 14th, 1879, but did on November 14th, 1879, tender to defendant the two quarterly instalments then due, but that defendant refused to receive the same or to continue the said insurance for the full amount thereof; that plaintiffs were entitled, according to the practice of the said

company, as they are informed and believe, to a paid up policy for seven-tenths of the full sum insured, namely, seven hundred dollars. That on October 15th, 1880, they tendered the policy for surrender, and demanded a paid up policy as aforesaid, but defendants refused to accept such surrender or issue a paid up policy.

Defendants demurred, 1. For misjoinder of parties plaintiff, in that August Werner is not a proper plaintiff, and has no cause of action. 2. Also that Phillipene Werner, his wife, is not a proper plaintiff, and has no cause of action upon the matters alleged. 3. That the complaint does not state facts sufficient to constitute a cause of action.

The issues of law were brought to trial and the demurrer overruled, with leave to answer; the defendant failed to answer, and plaintiffs entered judgment upon findings of fact according to the allegations of the complaint, except that the value of the policy and the amount of the paid up policy were found to be $600 instead of $700 as alleged in the complaint; and from the judgment thus entered this appeal is taken.

*Thomas G. Ritch,* for appellant.

*Lucius McAdam,* for respondent.

VAN BRUNT, J.—[After stating the facts as above.]— The question presented upon this appeal is whether any forfeiture of the policy could occur in case the party assured should omit to pay any portion of the premium until the last instalment became due. At first it may seem that this is too broad a statement of the proposition, but I cannot see why, if default without penalty may be made in the payment of the first instalment, default may not be made with like impunity in the payment of the first two, and if in the first two, certainly a default in the first three payments would involve no forfeiture. The claim of the plaintiffs is founded upon the provision of the policy that the *payments* demanded for a year's insurance shall be known as the

*premium* thereof, and that the policy is maintained in force by the payment of all premiums falling due thereon, and it is argued that as the payment for a year's insurance is the premium, and as the policy is kept in force by the payment of the premiums as they fall due, no premium (that is, payments for a year's insurance) having fallen due until the last quarter payment has matured, no forfeiture can occur until there is a failure to pay the premium on or before the last quarter payment has become due. In this argument, however, the provision as to how each year's premium shall be paid is entirely lost sight of. The policy provides that the premium for each year, instead of being paid wholly in advance, as the clause defining a premium requires, may be paid in equal quarterly payments on or before twelve o'clock noon of a certain day in each of the months therein specified, and so much of the premium as is provided to be paid on each of these days falls due on these days, and unless these quarter days fix the times at which so much of the premium as is provided to be paid thereon falls due, then there is no time at which the premium can possibly fall due. At the time fixed for the payment of the last · quarter the whole premium does not fall due, any more than it falls due at the time fixed for the payment of the first quarter. The plain construction of this language of the policy is that although the premium is defined to be the payments demanded for a year's insurance, such premium may become due by instalments, and when the date for the payment of any instalment passes, the portion of the premium represented by such instalment can never be said to fall due at any future period, and the premium can never then be paid as it falls due.

In the case of *Willis* v. *O'Brien* (35 Super. Ct. 536) language somewhat similar, contained in a chattel mortgage, was thus construed. The condition of the mortgage was, that if the mortgagor should pay the mortgagee (plaintiff) the "full sum of $695 lawful money of the United States, one note, $95, to be paid on the 14th of September, 1869, and twelve monthly notes at $50 per

note, to be paid on the first day of each and every month, making the whole amount to be paid in twelve months and one week from date, then these presents shall be void." The mortgage further provided that in case "default shall be made in the payment of the said sum above mentioned, then" it should be lawful for the plaintiff to take the property mortgaged, and until "default be made in the payment of the said sum of money," the mortgaged property should remain in the peaceable possession of the mortgagor. The mortgagor having made default in the payment of some of these instalments, the mortgagee claimed possession of the property, and the court held that he was entitled to possession, there having been a default in the payment of the gross sum in not paying the instalments as they became due. This case seems to be entirely analogous to the one at bar, and proceeds upon the same principle as has heretofore been attempted to be stated.

The judgment appealed from should be reversed and the defendant have judgment upon the demurrer, with costs.

J. F. DALY, J., concurred.

Judgment reversed, and judgment for defendant ordered on demurrer, with costs.